**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| MICHAEL CAMPBELL, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | NO. 1:06-CV-334 |
| | ) | |
| SUPERVALU D/B/A SCOTT'S F/K/A | ) | |
| CUB FOODS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss, filed by Defendant, Supervalu d/b/a Scott's f/k/a Cub Foods, on October 31, 2006. For the reasons set forth below, this motion is **DENIED**.

BACKGROUND

Plaintiffs, Connie and Duane Campbell, are the parents of Plaintiff, Michael Campbell. According to the allegations of the complaint, in September of 1993 Connie Campbell purchased ground beef from Defendant's meat department. The next day she prepared a meal containing the ground beef, which Michael consumed and then became ill. Michael was subsequently hospitalized and diagnosed with Hemolytic Uremic Syndrome, a condition associated with E-Coli Gastroenteritis. According to Plaintiffs, the ground beef

contained E-Coli bacteria at the time Connie purchased it from Defendant and Michael's ingestion of that ground beef is what caused Plaintiffs' injuries. As a result, Plaintiffs have filed a three-count complaint based upon Indiana law.

Defendant has filed the instant motion arguing that Plaintiffs' state law claims are preempted by the Federal Meat Inspection Act ("FMIA"), 21 U.S.C. section 601 et seq. This motion is now briefed and ripe for adjudication.

DISCUSSION

Motion to Dismiss Standard

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of the case. Under the "simplified notice pleading" of the Federal Rules of Civil Procedure, courts consider whether relief is possible under any set of facts that could be established consistent with the allegations. *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992); *see Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 432 (7th Cir. 1993) ("[a] motion to dismiss should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief"). A court must construe pleadings liberally and "mere vagueness or lack of detail does not constitute sufficient grounds for a motion to dismiss." *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985). When considering a defendant's motion to dismiss, a court accepts all

facts alleged in the complaint as true and draws all reasonable inferences in the light most favorable to the plaintiff. *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001). A complaint need not plead law or be tied to one legal theory. *LaPorte County Republican Cent. Comm. v. Board of Comm'rs of the County of LaPorte*, 43 F.3d 1126, 1129 (7th Cir. 1994) (citing *Bartholet*, 953 F.2d at 1078). A complaint may not be dismissed just because it omits factual allegations, but it may be dismissed when the plaintiffs make clear that they do not plan to prove an essential element of their case. *Id*.

<u>The FMIA Does Not Preempt Plaintiffs' Claims</u>

The FMIA is a regulatory scheme created to provide uniform national meat inspection programs. 21 U.S.C. § 661. The purpose of the FMIA is to ensure that meat distributed to consumers is wholesome, not adulterated, and properly marked, labeled, and packaged. 21 U.S.C. § 602. Under this scheme, inspectors are appointed to exam and inspect meat and then to "mark, stamp, tag, or label as 'Inspected and passed'" those products found not to be adulterated. 21 U.S.C. § 606. It is undisputed that as of 1993, when the ground beef at issue was allegedly purchased from Defendant, neither Congress nor the United States Department of Agriculture ("USDA") adopted regulations concerning the presence of E. Coli bacteria in meat products. *Boulahanis v. Prevo's Family Market, Inc.*, 583 N.W.2d 509, 512 (Mich. Ct. App. 1998).

The FMIA contains an express preemption clause, which provides, in pertinent part, as follows:

> Requirements within the scope of this chapter with respect to . . . any establishment at which inspection is provided . . . which are in addition to, or different from those made under this Act may not be imposed by any state . . .

21 U.S.C. § 678.

Based upon the FMIA's preemption clause, Defendant argues that Plaintiffs' state law claims must fail as a matter of law. Plaintiffs concede that their state law claims would be preempted if the allegations were that the beef was tainted at its source and then sold to them by Defendant. However, Plaintiffs complaint is that Defendant received the meat uncontaminated and then introduced the particular strain of E. Coli to the beef when its meat department negligently ground it for packaging and sale to Ms. Campbell. This claim, Plaintiffs argue, is not preempted by the FMIA.

When addressing preemption claims, this Court's "sole task is to ascertain the intent of Congress," and preemption "not to be lightly presumed." *Cal. Fed. Sav. & Loan v. Guerra*, 479 U.S. 272, 280-1 (1987). "A federal law may preempt a state law expressly, impliedly through the doctrine of conflict preemption, or through the doctrine of field preemption." *Boomer v. AT&T Corp.*, 309 F.3d 404, 417 (7th Cir. 2002). Defendant only argues express

preemption.[1]  Thus, the Court can only assume that Defendant does not believe the FMIA impliedly preempts Plaintiff's state law claims.  See *Laborers' Intern. Union of North America v. Caruso*, 197 F.3d 1195, 1197 (7th Cir. 1999)(finding that arguments not addressed are deemed waived).

Express preemption occurs when a federal statute explicitly states that it overrides state or local law.  The FMIA's preemption clause expressly limits states in their ability to govern meat inspection and labeling requirements "of any establishment at which inspection is provided [under the statute]."  Neither party cites any case law that has ruled on the issue squarely before this Court; that is, whether, in 1993, a grocer could be held liable under a state law negligence claim for contaminating meat with E. Coli and then selling that meat to a customer.  Nevertheless, Defendant maintains that the Michigan court of appeals' decision in *Boulahanis* is sufficiently analogous to be determinative.  583 N.W.2d 509.  In *Boulahanis*, consumers brought state law claims against a meat processor, distributor and grocery store after

---

[1]  Nevertheless, based on the arguments presented, this Court would not find an implied preemption.  Conflict preemption exists if it would be impossible for a party to comply with both local and federal requirements or where local law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Freightliner Corp. v. Myrick*, 514 U.S. 280, 287 (1995).  Field preemption occurs when federal law so thoroughly "occupies a legislative field" as to make it reasonable to infer that Congress has left no room for the states to act." *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516 (1992).  Neither of these doctrines would necessitate the finding of preemption here.

consuming ground beef contaminated with E. Coli. The contaminated meat was produced by the meat processor, IBP, Inc., sent to the distributor, shipped to the grocery store, and then sold to the customer. Because the FMIA expressly preempts states from placing any additional or different requirements on meat producers other than those of the federal government, the court found that "[h]olding defendants liable for failing to detect the presence of E.Coli bacteria in the meat purchased by plaintiff . . . would run contrary to the USDA's then-existing determination that inspection for E-Coli was not required." *Id.* at 512. As such, the court of appeals found plaintiffs' claims were preempted by federal law.

Quite unlike the claim in *Boulahanis,* where the defendant grocery store allegedly failed to detect E. Coli - which it was not required to do under the FMIA - the allegations here are that Defendant's negligence actually introduced E. Coli to the ground beef that injured Plaintiffs. Defendant claims this to be a distinction without a difference, but this Court disagrees. Surely, if the Defendant merely sold contaminated meat that passed inspection under the FMIA, as in *Boulahanis*, it would follow that any state law claim against Defendant would be preempted. Here, though, inspection and detection are not at issue. Plaintiffs' state law claims do not attempt to place additional or different requirements on any federal regulated matters, as in *Boulahanis*. What is at issue is Defendant's alleged actions of contaminating the meat. The Court is unconvinced that the FMIA, which is labeled

"Meat Inspection," necessarily preempts Plaintiffs' claims of Defendant's negligent conduct. While the FMIA's preemption clause does limit states in their ability to govern meat inspection and labeling requirements, 21 U.S.C. § 678, it does not preempt the entire field of meat commerce. *Empacadora de Carnes de Fresnillo, S.A. de D.V., v. Curry*, 476 F.3d 326, 333 (5th Cir. 2007). At this time, the Court can imagine a set of facts that would permit Plaintiffs' claims to fall outside of the preemption clause.

Defendant makes much of the fact that *Boulahanis* made no distinction between the producer, distributor or seller of the meat products. Defendant points out that all three were entitled to dismissal based upon preemption grounds, which should compel the same result here. Respectfully, this Court disagrees. It is true that in *Boulahanis*, the producer, distributor and seller were all granted dismissal based upon preemption grounds. However, those defendants were entitled to preemption because the allegations against them stemmed from the plaintiff's attempt at bringing a claim that was preempted by the FMIA - a state law claim placing additional requirements on the inspection and detection of E. Coli bacteria. Notably, since those claims were preempted, *Boulahanis* never addressed the distinction between the defendants' status, including whether the defendant grocery store was "an establishment at which meat inspection is provided," under the FMIA. Thus, there is still the unresolved question as to whether or not Defendant's establishment is the type of establishment that can be regulated

under the FMIA.  See 21 U.S.C. § 678 (noting that the preemption applies to establishments where inspections are provided).

CONCLUSION

    For the reasons set forth above, Defendant's motion to dismiss is **DENIED**.

**DATED:  March 21, 2007**　　　　　　　　　/s/RUDY LOZANO, Judge
　　　　　　　　　　　　　　　　　　　　　　　　**United States District Court**